## STATE *v.* JAMES FREEMAN and ALEXANDER STEWART.

On the trial of an indictment for stealing a National Bank note, and a United States Treasury note, evidence that the witness *believed* that it was a National Bank note, will support a verdict of guilty.

(*State* v. *Collins*, at this term, cited and distinguished from this.)  •

INDICTMENT for larceny, stealing bank and U. S. Treasury notes, tried before *Buxton, J.,* at the Fall Term, 1874, of ANSON Superior Court.

The defendants, together with one Glascoe Williams, were charged in the indictment :

\*  \*  \*  " One Treasury note, issued by the Treasury Department of the government of the United States, for the payment of five dollars, of the value of five dollars ; one National Bank note, for the payment of five dollars, of the value of five dollars ; issued by a National Bank, doing business within the United States, the precise location and name of which, are to the jurors aforesaid unknown ; one National currency bill of the denomination and value of five dollars," and so on varying the charge.

On the trial, the prosecutor swore, that he was at a neighbors, near the road, when the prisoner, Stewart came up, having in his hand a little brass lock ; after inquiring the way to a place unheard of by the witness, he, the prisoner proposed to bet that the witness could not open the lock. Witness declined to bet. While the two were talking about the lock, the other defendants, Freeman and Glascoe Williams came up. They appeared to be strangers to Stewart, although the witness had seen them following, when the first came to where he was. Williams soon after he came up, took the lock in his hand, and remarked, that no one could open it ; and returned the lock to Stewart, who said, " I will bet any amount that I can open it." Williams took out a bill to bet, when Stewart remarked, that he had no money ; upon which Williams said, that made no difference, as his was counterfeit, and asked the witness if

he had any money about him, so that he could compare it with his. Witness took out a five dollar bill for the purpose of making a comparison ; he could not say positively, *but thought it was a National Bank note.* Witness was not certain whether it was a Treasury note or a National Bank note; he knew the difference. If it was a bank bill, he could not say on what bank it was. It was of the same character as the bill now exhibited to him. (Counsel showing a National Bank bill.)

Upon taking the bill out of his pocket, Williams, the defendant, not now on trial, grabbed it out of the hand of the prosecutor and jumped back four or five steps. Witness demanded the bill. Williams smiled and made off, the two others following in a fast walk. Witness went to the house to get a gun, but found it unloaded. The parties escaped.

There was other evidence tending to prove a conspiracy and that the parties indicted, knew each other.

The jury returned a verdict of guilty ; whereupon the defendants moved to arrest the judgment, on the ground that the indictment failed to charge that the bill taken was issued by some particular bank. Motion overruled. Judgment and appeal by defendants.

No counsel in this Court, for the defendants.
*Attorney General Hargrove*, for the State.

READE, J. In the case of *State* v. *Collins*, at this term the witness could not say whether it was a bank bill or Treasury note that was stolen ; and, therefore, the defendant could not be convicted. But in this case the witness said : " I cannot say positively, but I think it was a National Bank note." From this the jury might find that it was a bank note ; and the conviction was right.

There were other exceptions by the defendants, and also a motion in arrest of judgment ; but there is no force in them.

There is no error. This will be certified.

PER CURIAM.                              Judgment affirmed.